O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY MARINO, on behalf of himself and all others similarly situated, | CASE NO. SACV 14-0046-JLS (ANx) |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION TO REMAND (Doc. 15)** |
| vs. | |
| COUNTRYWIDE FINANCIAL CORPORATION, et al., | |
| Defendants. | |

**I.      INTRODUCTION**

Before the Court is a Motion to Remand filed by Plaintiff Anthony Marino.  (Mot., Doc. 15.)  Defendants Countrywide Financial Corporation; Countrywide Home Loans, Inc. ("Countrywide Defendants"); Bank of America Corporation; and Bank of America, N.A. ("Bank of America Defendants") opposed, and Plaintiff replied.  (Opp'n, Doc. 18; Reply, Doc. 19.)  Having read the papers, heard oral argument, and taken the matter under submission, the Court DENIES Plaintiff's Motion.

**II.     BACKGROUND**

Plaintiff entered into two mortgage loans with Countrywide Defendants that were secured by his property.  (First Am. Compl. ("FAC") at 9:18-25, Doc. 1 Ex. A.)  Plaintiff contends, on behalf of himself and proposed class members,[1] that Countrywide Defendants allegedly knew but failed to disclose that: (1) a significant percentage of Countrywide Defendants' California borrowers with adjustable rate mortgages did not earn sufficient income to make loan payments once their rates were adjusted upward;[2] (2) when the housing boom ended, these borrowers would default and their homes would be foreclosed upon in such large quantities that supply would exceed demand, causing a decline in home prices; and (3) as a result, the balances due on the loans Plaintiff and proposed class members entered into would exceed the values of their homes, and thus they would face substantially increased risks of deficiency judgments on their second mortgages if they defaulted.  (*Id*. at 83:6-18.)  Plaintiff seeks to hold all Defendants liable for any deficiencies on his and proposed class members' second mortgages.  (*Id*. at 84:12-26, 87:3-15.)  Plaintiff also seeks restitution from all Defendants on the grounds that he and proposed class members were injured by: (1) having paid money to Countrywide

---

[1] The proposed class is comprised of other California borrowers with refinance loans from Countrywide Defendants.  (*See id*. at 14:14-23.)
[2] The Court refers to these loans as "income-deficient loans."

2

1   Defendants to obtain loans he and proposed class members would not otherwise have

2   obtained had they known the above facts; and (2) having repaid cash loans with a second

3   mortgage, not knowing there was an increased risk of a deficiency judgment on the second

4   mortgage in case of default.  (*Id*. at 85:18-23, 85:28-86:10, 87:17-22.)

5       Plaintiff's FAC provides over thirty pages of allegations as to Countrywide

6   Defendants' nationwide lending practices.  (*Id*. at 31-65.)  The FAC then addresses

7   Countrywide Defendants' response to the financial crisis and the effects of their lending

8   practices on that crisis.  (*Id*. at 65-75.)  The allegations focus on, but are not limited to,

9   effects felt in California, where slightly less than half of Countrywide Defendants' income-

10  deficient loans were issued.  (*Id*.; *see also id*. at 21:15-16, 22:1-17.)

11      Plaintiff alleges Bank of America Defendants "are liable as successors-in-interest to

12  Countrywide [Defendants] for the conduct alleged . . . under the doctrines of *de facto*

13  merger and assumption of liabilities."  (*Id*. at 77:7-9.)  According to Plaintiff, "Bank of

14  America transferred all of the operating assets of Countrywide Financial, Countrywide

15  Home Loans, and other Countrywide Financial subsidiaries to itself and its non-

16  Countrywide Financial subsidiaries."  (*Id*. at 80:16-18.)  Bank of America Defendants

17  allegedly assumed Countrywide Defendants' liabilities through public statements and by

18  paying out Countrywide Defendants' liabilities in connection with various lawsuits and

19  settlements.  (*Id*. at 13:27-14:3, 81:10-25.)

20      Plaintiff filed this action on December 5, 2013, in the Superior Court of California,

21  asserting claims against all Defendants for "declaratory/injunctive relief" and for violation

22  of California Business & Professions Code § 17200.  (*Id*. at 1, 82, 85.)  On January 13,

23  2014, Bank of America, N.A. removed the action, asserting jurisdiction under the Class

24  Action Fairness Act, 28 U.S.C. § 1332(d).  (Notice of Removal, Doc. 1.)[3]  On February 3,

25  2014, all Defendants moved to dismiss the FAC.  (Doc. 11.)  After briefing on the motion

26  _____

27  [3] Plaintiff served Bank of America, N.A. on December 13, 2013.  (Notice of Removal ¶ 2.)

28

was completed, and before the Court ruled on the motion, Plaintiff filed the present Motion to Remand.  (Mot.)

## III.   LEGAL STANDARD

In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

The Class Action Fairness Act ("CAFA"):

> applies to "class action" lawsuits where the aggregate number of members of all proposed plaintiff classes is 100 or more persons and where the primary defendants are not "States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief." Once the prerequisites of § 1332(d)(5) are satisfied, CAFA vests federal courts with "original" diversity jurisdiction over class actions if: (1) the aggregate amount in controversy exceeds $5,000,000, and (2) any class member is a citizen of a state different from any defendant.

*Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1020-21 (9th Cir. 2007) (footnotes and citations omitted); 28 U.S.C. § 1332(d)(2),(5).  The removing party must prove that these prerequisites have been met by a preponderance of the evidence.  *Abrego Abrego v. Dow Chemical Co.*, 443 F.3d 676, 683 (9th Cir. 2006).

CAFA also provides for exceptions to its subject-matter jurisdiction, pursuant to sections 1332(d)(3) and (4).  The party seeking remand bears the burden of establishing that an exception applies.  *Serrano*, 478 F.3d at 1021-22.

IV.   **DISCUSSION**

Plaintiff acknowledges that Bank of America Defendants properly removed this action under CAFA, but argues that the Court must remand the action under the "local controversy" and "home-state controversy" exceptions. (Mem. at 2, Doc. 15-1); 28 U.S.C. § 1332(d)(4)(A), (B). For the reasons stated below, the Court finds that neither exception applies, and therefore remand is not warranted.

A.   **"Home-State Controversy" Exception**

The Court first examines whether the "home-state controversy" exception requires remand. Under 28 U.S.C. § 1332(d)(4)(B), the Court "shall" remand the action if "two-thirds or more of the members of all proposed plaintiff classes in the aggregate . . . are citizens of the State in which the action was originally filed" and "the primary defendants" are citizens of the same State. Defendants do not dispute that greater than two-thirds of all proposed class members are citizens of California, or that Countrywide Defendants are primary defendants. (Opp'n at 4 n.1, 11.) Defendants dispute only whether Bank of America Defendants are also primary defendants.[4]

Although the term "primary defendants" is not expressly defined in the statute, courts have found a primary defendant is one:

> (1) who has the greater liability exposure; (2) is most able to satisfy a potential judgment; (3) is sued directly, as opposed to vicariously, or for indemnification or contribution; (4) is the subject of a significant portion of the claims asserted by

_____

[4] The parties agree that Bank of America Defendants are not citizens of California. (Mem. at 5-6, 16; Opp'n at 5-6, 11.)

1    plaintiffs; or (5) is the only defendant named in one particular

2    cause of action.

3

4    *Brook v. UnitedHealth Group Inc.*, No. 06 CV 12954 (GBD), 2007 WL 2827808,

5    at *5 (S.D.N.Y. Sept. 27, 2007) (collecting cases).

6        Bank of America Defendants would be "primary defendants" under at least four of

7    these five criteria.  First, Plaintiff alleges that Bank of America Defendants have acquired

8    all of the operating assets and liabilities of Countrywide Defendants.  Thus, Bank of

9    America Defendants have the greater liability exposure and are most able to satisfy a

10   potential judgment.  *Accord Villalpando v. Exel Direct Inc.*, No. C-12-04137 JCS, 2012

11   WL 5464620, at *10 (N.D. Cal. Nov. 8, 2012) (finding "[d]efendants face exposure to the

12   vast majority of the members of the proposed classes") (internal quotation marks omitted);

13   *Phillips v. Kaiser Found. Health Plan, Inc.*, 953 F. Supp. 2d 1078, 1086-87 (N.D. Cal.

14   2011) (finding "there is no indication that Plaintiff would not seek recovery against [the

15   primary defendant] if [d]efendants are found liable").[5]

16       Second, Bank of America Defendants' potential liability is more akin to direct

17   liability than vicarious liability.  Although Plaintiff argues that Bank of America

18   Defendants are not directly liable because they are successors-in-interest who assumed the

19   liabilities of Countrywide Defendants, Plaintiff does not cite any decision that supports this

20   proposition.  (Mem. at 10; Reply at 4.)  Instead, Plaintiff relies on *Monaco v. Bear Stearns

21   Cos., Inc.*, No. CV 09-05438 SJO (JCX), 2011 WL 4059801, at *19 (C.D. Cal. Sept. 12,

22   2011), for the general point that Bank of America Defendants may be liable as successors-

23   —————————————

24   [5] These two decisions rely in part on the Senate Report for CAFA, which the Ninth
     Circuit has both relied upon and discredited.  *Compare Coleman v. Estes Express

25   Lines, Inc.*, 631 F.3d 1010, 1018-19 (9th Cir. 2011) *with id.* at 1021 (O'Scannlain,

26   J., concurring).  The Court gives the Senate Report limited weight and considers it,
     and the decisions relying on it, in conjunction with the persuasive reasoning of

27   other decisions interpreting CAFA.

28

6

in-interest to Countrywide Defendants.  (Mem. at 14-15; Reply at 9.)  However, the Court in *Monaco* drew a distinction between successor-in-interest liability and vicarious liability, finding a claim under California's Unfair Competition Law could proceed under a successor-in-interest theory of liability, even if it could not proceed under a theory of vicarious liability.  *See Monaco*, 2011 WL 4059801, at *19.  Likewise, other courts have found that successor-in-interest liability is either more direct than vicarious liability or is equivalent to direct liability.  *See In re Stone & Webster, Inc*., 558 F.3d 234, 241 (3d Cir. 2009) ("When a buyer expressly assumes liabilities of a seller, it becomes directly liable therefore . . . .") (parenthetical quote of *In re Safety-Kleen Corp*., 380 B.R. 716, 740 (D. Del. 2008)); *Kane v. Magna Mixer Co*., 71 F.3d 555, 560 n.1 (6th Cir. 1995) ("Whether an entity bears successor liability determines whether that entity can be directly liable to persons harmed by its predecessor's conduct.") (citing 19 AM. JUR. 2D CORPORATIONS § 2726 (1986)); *Certain Underwriters at Lloyd's of London v. Pac. Sw. Airlines*, 786 F. Supp. 867, 869-71 (C.D. Cal. 1992) (finding, in insurance context, that where buyer purchased company through a merger, and buyer was on notice that purchase included the company's liabilities, its liability as a successor was not the functional equivalent of vicarious liability).  Thus, as alleged successors-in-interest, Bank of America Defendants could be considered directly liable to Plaintiff and proposed class members.

Third, Plaintiff brings both of his claims against all Defendants and seeks relief collectively from all Defendants.  Thus, even if the allegations of misconduct are directed to Countrywide Defendants, Bank of America Defendants are the subject of a significant portion of the claims asserted by Plaintiff.  Likewise, although no claim is brought solely against Bank of America Defendants, no claim is brought solely against Countrywide Defendants either, further demonstrating that Bank of America Defendants are primary defendants.

1    For these reasons, the Court finds that Bank of America Defendants are primary

2 defendants.  Accordingly, remand is not warranted under the "home-state controversy"

3 exception.

4

5    **B.    "Local Controversy" Exception**

6    The Court next examines whether the "local controversy" exception requires

7 remand.  Under 28 U.S.C. § 1332(d)(4)(A), the Court "shall" remand an action if: (1)

8 "greater than two-thirds of all proposed plaintiff classes in the aggregate are citizens of the

9 State in which the action was originally filed;" (2) at least one defendant is a defendant

10 from whom significant relief is sought, whose alleged conduct forms a significant basis for

11 the claims asserted, and who is a citizen of the state in which the action was originally

12 filed; (3) "principal injuries resulting from the alleged conduct or any related conduct of

13 each defendant were incurred in the State in which the action was originally filed;" and (4)

14 "during the 3-year period preceding the filing of that class action, no other class action has

15 been filed asserting the same or similar factual allegations against any of the defendants on

16 behalf of the same or other persons[.]"

17    As stated above, Defendants do not dispute that more than two-thirds of proposed

18 class members are California citizens.  Nor do Defendants dispute that Plaintiff seeks

19 significant relief from Countrywide Defendants, that Countrywide Defendants' alleged

20 conduct forms a significant basis for Plaintiff's claims, or that Countrywide Defendants are

21 citizens of California.  (Mot. at 5-6, 16; Opp'n at 5-6, 11.)  Defendants dispute only

22 whether the "principal injuries" and "no other class action" requirements are met.  The

23 Court finds Plaintiff has not demonstrated that principal injuries were incurred in

24 California.  The Court therefore need not address whether the two other class actions cited

25 by Defendants would qualify as "other class action[s]."

26    The term "principal injuries," like the term "primary defendants," is not well

27 defined.  However, courts have rejected the application of this exception when the conduct

28

1   and injuries are alleged to be nationwide, even if the proposed class is limited to citizens of

2   a single State.  *See*, *e.g.*, *Villalpando*, 2012 WL 5464620, at *12 ("There is nothing unique

3   to California about the claims asserted in this action, even if the class is limited to

4   Plaintiffs who provide delivery services in California and the claims in the action are based

5   on California law.  Rather, Defendants are vulnerable to similar claims in other states

6   . . . ."); *Waller v. Hewlett-Packard Co.*, No. 11cv0454-LAB (RBB), 2011 WL 8601207, at

7   *4 (S.D. Cal. May 10, 2011) ("Plaintiff's action is local only in the trivial and almost

8   tautological sense that the definition of the putative class and the legal bases of the asserted

9   claims make it so. Courts have routinely looked beyond these formalities—and

10  looked to the nature and scope of the alleged wrong—and rejected a plaintiff's invocation

11  of the local controversy exception that relies on them.") (emphasis omitted); *Kearns v.*

12  *Ford Motor Co.*, No. CV 05-5644 GAF (JLTLx), 2005 WL 3967998, at *12 (C.D. Cal.

13  Nov. 21, 2005) ("Plaintiff asserts that the fact that the CPO program is a national one is not

14  important, because the proposed class is composed only of Californians . . . . This assertion

15  has no merit."); *see also* S. Rep 109-14 at 40 ("[I]f the defendants engaged in conduct that

16  could be alleged to have injured consumers throughout the country or broadly throughout

17  several states, the case would not qualify for this exception, even if it were brought only as

18  a single-state class action.").

19          Here, the alleged conduct—issuing loans—was national in scope.  (Mem. at 21.)

20  Plaintiff argues that even if the conduct occurred nationwide, there are no allegations that

21  injuries were incurred outside California, because there are no allegations that

22  Countrywide Defendants' income-deficient loans were sufficiently concentrated in any

23  specific market besides California to cause loan balances to exceed home values.  *(Id.* at

24  24; Reply at 15.)  However, there also are no allegations that the alleged injuries were

25  *limited* to California.  Instead, the FAC repeatedly alleges Countrywide Defendants

26  generally knew home values would decline below loan balances as a result of their

27

28

nationwide conduct, and that California was merely one market where this occurred.  (*See* FAC at 67:7-26; 71:1-11; *see also* 27:14-16.)

As the FAC alleges California was but one market where Countrywide Defendants' conduct caused loan balances to exceed home values, Plaintiff cannot meet his burden as to "principal injuries" simply by focusing on California and ignoring other markets.  *See Serrano*, 478 F.3d at 1021-22.  Accordingly, Plaintiff has not shown that remand is warranted under the "local controversy" exception.  *Accord Villalpando*, 2012 WL 5464620, at *12; *Waller*, 2011 WL 8601207, at *4; *Kearns*, 2005 WL 3967998, at *12.

**V.     CONCLUSION**

For the reasons stated above, Plaintiff's Motion to Remand is DENIED.

**SO ORDERED.**

DATED: April 23, 2014

JOSEPHINE L. STATON
_____
HONORABLE JOSEPHINE L. STATON
UNITED STATES DISTRICT JUDGE